# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **D.C., J.R., and L.R.**

**No. 23-410** (Randolph County CC-42-2022-JA-80, CC-42-2022-JA-81, and CC-42-2022-JA-82)

## MEMORANDUM DECISION

Petitioner Mother S.S.[1] appeals the Circuit Court of Randolph County's June 13, 2023, order terminating her parental rights to D.C., J.R., and L.R.,[2] arguing that the circuit court erred in denying her motion for an improvement period and terminating her parental rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming, in part, and vacating, in part, the circuit court's February 12, 2022, and June 13, 2023, orders, and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

On December 1, 2022, the DHS began investigating a referral that the petitioner was abusing drugs and had no stable housing for herself or D.C. The DHS instituted a fourteen-day protection plan and placed D.C. with an "informal safety resource" while it conducted its investigation. During the protection period, the petitioner changed residences twice and tested positive for methamphetamine. On December 22, 2022, the DHS filed an abuse and neglect petition alleging that the petitioner abused controlled substances to the extent that her ability to parent was affected and that her homelessness and unemployment prevented her from providing D.C. with an apt, fit, and suitable home. The petition further alleged that the petitioner was also the mother of J.R. and L.R., that J.R. and L.R. were in their father's custody from a prior incident of domestic violence, and that the DHS's investigation regarding J.R. and L.R. was still pending.

---

[1] The petitioner appears by counsel Heather M. Weese. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Counsel Melissa T. Roman appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

At the adjudicatory hearing in January 2023, the petitioner stipulated to failing to provide D.C. with stable housing and testing positive for methamphetamine after entry of the DHS's protection plan and admitted that such conduct constituted neglect of the children. The petitioner also filed a motion for a post-adjudicatory improvement period. Based on the petitioner's stipulation, the circuit court entered an order on February 12, 2023, adjudicating her as an abusing and neglectful parent. The circuit court ordered the petitioner to participate in random drug screening through the call-to-test program with North Central Community Correction ("NCCC") and to meet with a provider to discuss family treatment court and complete related assessments. The circuit court also permitted the petitioner to participate in supervised visits with D.C., provided that the drug screens prior to each visit were negative. Importantly, the adjudicatory order contained no specific findings explaining how J.R. and L.R. were abused or neglected children as they were not in the petitioner's custody.

The dispositional hearing was initially scheduled for February 23, 2023, but was continued because the petitioner had not completed her intake assessment for family treatment court. About a week later, on March 1, 2023, the petitioner was arrested and charged with obstructing an officer. On March 8, 2023, the circuit court again continued the dispositional hearing to allow the DHS additional time to complete its recommendation as to disposition. About one month later, on April 7, 2023, the petitioner was arrested, again, and charged with possession of fentanyl and obstructing an officer. A dispositional hearing was set for April 17, 2023, but was continued yet again. On May 3, 2023, the circuit court continued the dispositional hearing once again to allow the petitioner additional time to complete her assessment for family treatment court.

Finally, on May 22, 2023, the dispositional hearing was held. The DHS presented testimony from the drug screening provider. The provider explained that the petitioner did not consistently participate in drug screening, missing forty-one check-ins and twenty-six drug screens. Of the drug screens the petitioner submitted to, she tested positive eight times for varying substances, including methamphetamine, amphetamine, fentanyl, cocaine, and marijuana. The provider also noted that on two occasions, the petitioner's urine sample had a low temperature, which is indicative of a false screen. In addition, the provider testified that the petitioner never completed her assessment for family treatment court.

The petitioner testified in support of her motion for a post-adjudicatory improvement period. The petitioner blamed her drug addiction for her inconsistent participation with the services she was offered. She stated that she was willing to go to an inpatient drug rehabilitation facility and explained that she had already completed several applications. The petitioner acknowledged that she needed to find stable housing and financial stability. She also explained that she was "medically disabled," could not work, and did not receive any government assistance for her disability. The petitioner admitted that she had not visited D.C. since D.C.'s removal "because of [her] own actions."

At the conclusion of the testimony, the circuit court found that since the beginning of the case, the petitioner had multiple positive drug screens, attempted to provide two false screens, missed half of her drug screen check-ins, failed to take advantage of rehabilitation services with the drug screening providers to assist with substance abuse recovery, and had not visited D.C. since December 2022. Furthermore, the circuit court found that the petitioner missed the

opportunity for immediate services and treatment through family treatment court by failing to be assessed as previously ordered. The circuit court also noted that the family treatment court would have not only helped the petitioner to find stable housing and employment, it would have also assisted with issues relating to the petitioner's alleged medical disability. The circuit court explained that despite the help she was offered for nearly six months, the petitioner had not addressed her substance abuse problem, which demonstrated that she could not solve the problems leading to adjudication on her own or with help and was unwilling or unable to provide adequately for the children's needs. Therefore, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination of the petitioner's parental rights was necessary for the children's welfare. Accordingly, the circuit court denied the petitioner's motion for an improvement period and terminated her parental rights.[3] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). As an initial matter,[4] we observe that the circuit court did not have jurisdiction to terminate the petitioner's parental rights to J.R. and L.R. because the petitioner's stipulation was not specific to each individual child and the adjudicatory order lacked the requisite findings. We have held that "[t]o exercise subject matter jurisdiction, the court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened by the allegedly abusive or neglectful conduct of the parties named in the petition." Syl. Pt. 3, in part, *In re B.V.*, 248 W. Va. 29, 886 S.E.2d 364 (2023). Here, specific factual findings necessary to support jurisdiction over J.R. and L.R. are absent from the record. In fact, the record before the Court contains minimal information or discussion about J.R. and L.R. and their relationship with the petitioner. Nonetheless, at the time the petition was filed, J.R. and L.R. were not in the petitioner's custody or subject to her abusive and neglectful behavior. Therefore, despite the petitioner's stipulation that her drug use and failure to provide stable housing for D.C. constituted neglect of the children, there was no admission by the petitioner or any specific finding by the circuit court in its adjudicatory order explaining how those conditions resulted in the abuse or neglect of J.R. and L.R. For these reasons, we must vacate the circuit court's February 12, 2023, order adjudicating the petitioner as a neglecting parent as it pertains to J.R. and L.R. *See id.* ("Due to the jurisdictional nature of this question, generalized findings applicable to all children named in the petition will not suffice . . . ."). Further, the circuit court's June 13, 2023, order terminating the petitioner's parental rights must, likewise, be vacated as it pertains to J.R. and L.R., and the matter must be remanded for the circuit court to enter an order with the requisite findings

---

[3] J.R. and L.R. are with their nonabusing father. The parental rights of D.C.'s father were also terminated. The permanency plan for D.C. is adoption.

[4] "This Court, on its own motion, will take notice of lack of jurisdiction at any time or at any stage of the litigation pending therein." Syl. Pt. 2, *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 801 S.E.2d 216 (2017) (quoting Syl. Pt. 2, *In re Boggs' Est.*, 135 W. Va. 288, 63 S.E.2d 497 (1951)).

as to whether J.R. and L.R. meet the statutory definitions of abused or neglected children.[5] *See* W. Va. Code § 49-1-201.

Turning to the petitioner's assignments of error as they relate to D.C., she first argues that the circuit court erred in denying her motion for an improvement period because she demonstrated her willingness to fully participate. We find no merit in this argument. West Virginia Code § 49-4-610(2)(B) permits a circuit court to grant an improvement period as a dispositional alternative when the parent "demonstrates, by clear and convincing evidence, that [she] is likely to fully participate in the improvement period." The petitioner contends that her testimony at the dispositional hearing expressing her desire to participate in services, including an inpatient drug treatment program and visitation with D.C., was sufficient evidence to satisfy her burden of proof. However, the petitioner ignores the mountain of evidence the DHS presented demonstrating her history of noncompliance with services, continued use of illegal substances, and failure to seek treatment for her drug addiction. As such, the evidence overwhelmingly supports the circuit court's finding that the petitioner was unlikely to fully participate in an improvement period. Therefore, the circuit court's denial of a dispositional improvement period was not an abuse of discretion. *See In re Tonjia M.,* 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (explaining that the circuit court has discretion to deny an improvement period when no improvement is likely).

Finally, the petitioner argues that the circuit court erred in terminating her parental rights because there was a reasonable likelihood that she could have corrected the conditions of abuse and neglect during an improvement period. The petitioner asserts that her "parental deficits" included inappropriate housing and drug abuse; both of which, she argues, were correctable had she been afforded an opportunity. The petitioner fails to acknowledge, however, that for nearly six months she was provided services of which she failed to avail herself. When an abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help," a circuit court may properly find that there was no reasonable likelihood that conditions of abuse or neglect could be substantially corrected. W. Va. Code § 49-4-604(d). West Virginia Code § 49-4-604(d)(1) specifically states that this includes circumstances where a drug addicted parent fails to follow through with recommended or appropriate treatment. The petitioner's inconsistent participation in drug screening, multiple positive drug screens, criminal charge for possession of fentanyl, and failure to be assessed for family treatment court provided the circuit court a sufficient basis upon which to find that there was no reasonable likelihood she could

---

[5] It is also apparent from a review of the record that J.R. and L.R. resided in Virginia with their father at some point *after* the petition was filed, though the record is unclear if these children lived in Virginia *when* the petition was filed. Thus, a jurisdictional analysis in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), West Virginia Code §§ 48-20-101 to -404, may be warranted. We have held that courts "must be watchful for jurisdictional issues arising under the [UCCJEA] . . . . Even if not raised by a party, if there is any question regarding a lack of subject matter jurisdiction under the UCCJEA then the court should sua sponte address the issue as early in the proceeding as possible." Syl. Pt. 5, in part, *In re Z.H.*, 245 W. Va. 456, 859 S.E.2d 399 (2021). As it cannot be determined from the record on appeal where J.R. and L.R. resided when the petition was filed, we do not vacate the adjudicatory order on this ground. On remand, however, the circuit court should consider whether it has subject matter jurisdiction of J.R. and L.R. under the UCCJEA.

substantially correct the conditions of abuse or neglect in the near future. Further, the circuit court found that termination of the petitioner's parental rights was necessary for the child's welfare. Accordingly, the circuit court did not err in terminating the petitioner's parental rights to D.C. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon finding "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child).

For the foregoing reasons, we vacate, in part, the circuit court's February 12, 2022, adjudicatory order as it relates to J.R. and L.R.; vacate, in part, the June 13, 2023, dispositional order terminating the petitioner's parental rights to J.R. and L.R.; and remand this matter to the circuit court for further proceedings, including but not limited to, the entry of an order setting forth the necessary findings as to whether J.R. and L.R. meet the statutory definitions of abused or neglected children.[6] *See* W. Va. Code § 49-1-201. The circuit court is further directed to undertake any additional proceedings consistent with the applicable rules and statutes. With respect to D.C., the circuit court's February 12, 2022, adjudicatory order and June 13, 2023, dispositional order are affirmed. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Affirmed, in part; vacated, in part; and remanded, with directions.

**ISSUED**: September 3, 2024

**CONCURRED IN BY**:

Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

**CONCURRING, IN PART, AND DISSENTING, IN PART:**

Chief Justice Tim Armstead

ARMSTEAD, Chief Justice, concurring, in part, and dissenting, in part:

I agree with the majority's decision affirming the termination of the petitioner's parental rights to D.C. However, I dissent to the majority's decision to vacate the circuit court's adjudication and termination of the petitioner's rights to J.R. and L.R. for lack of subject matter jurisdiction. I would have set this case for oral argument for further development of the record as to the residency of J.R. and L.R. and what, if any, contact the petitioner had with those children. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

---

[6] The vacation of these orders applies only to the petitioner. Accordingly, the portions of the orders concerning other adult respondents remain in full force and effect.

5